UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GENE COPP,<br>CDCR #AR-9139,<br><br>        Plaintiff,<br><br>vs.<br><br>F. LOPEZ, Correctional Officer;<br>H. GOMEZ, Correctional Officer;<br>R. ROCHA, Correctional Officer;<br>V. SIGMON, Psych. Tech.;<br>S. KELLAZ, Psychologist,<br>        Defendants. | Case No.: 3:19-cv-00789-WQH-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

  Plaintiff Richard Gene Copp, currently incarcerated at California Medical Facility ("CMF") in Vacaville, California, filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, on April 29, 2019. *See* Compl., ECF No. 1. Plaintiff claims several correctional and medical officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, violated his Eighth Amendment rights while he was incarcerated there in June 2018. *Id.* at 1, 4-6. He seeks $20,000 in general and punitive damages and demands a jury trial. *Id.* at 9.

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a Prison Certificate authorized by an accounting specialist at CMF, as well as a CDCR Inmate Statement Report demonstrating his trust account activity and balances for the six-months preceding the filing of his Complaint. *See* ECF No. 2 at 4, 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff had no deposits and carried no balance in his trust account during that time, and they further demonstrate he had no available balance on the books at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

3

(discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Allegations

On June 25, 2018, Plaintiff claims he approached Correctional Officer ("C/O") Jones,[2] and asked to be assigned to a crisis bed because he was feeling suicidal. *See*

---

[2] Officer Jones is not named as a Defendant.

4

Compl., ECF No. 1 at 4. Jones directed Plaintiff to return to his cell, but Plaintiff repeated that he felt suicidal and did not feel safe. During this encounter, Plaintiff claims C/Os Rocha, Lopez, and Gomez approached and "in an aggressive manner" directed him to return to his cell. *Id.* Plaintiff claims that as he began to walk back to his assigned building, Rocha, Lopez, and Gomez followed, and grabbed him "by the back of [his] arms." *Id.* When Plaintiff asked, "Why are you hurting my arms?" he was "thrown violently to the asphalt," and hit his head on the ground, which caused his prescription glasses to break and his head to bleed. *Id.* "At this time all 3 (three) C/Os began to punch and kick [him] as [he] lay bleeding on the ground face down." One C/O "stomped really hard on [his] right hand." *Id.* After an alarm sounded, the C/Os "stopped assaulting [him] as medical staff arrived." *Id.*

Plaintiff claims that Defendant Sigmon, a psychiatric technician, arrived but she "merely wiped [his] bleeding head with saline," and "ignored [Plaintiff's] pleas" to take him to a medical doctor. *Id.* C/Os Lopez and Gomez then escorted him to a holding cage in the C-Facility gym, but refused to remove his cuffs "so [he] could wipe [his] bleeding face." *Id.*

Three to five minutes later, S. Kellaz, a psychologist, arrived and asked Plaintiff what had happened. *Id.* Plaintiff explained that he was "simply asking to go to [a] crisis bed because [he was] suicidal," but Kellaz "stated she was on her way home," "would see [him] tomorrow," and "left without calling medical." *Id.* at 5. C/O Lopez then returned, shoved Plaintiff "really hard" against the metal grate of the holding cage, and "cut [his] head open for a second time." Plaintiff claims Lopez also "attempted to kick [him] in the testicles but missed and kicked [him] in the upper part of [his] thigh." *Id.*

Five minutes later, Plaintiff claims Lopez escorted him from the holding cage to the "treatment center," and "squeezed [his] arm very hard" when an unidentified nurse asked how he sustained his injuries. *Id.* "Fearing further assault," Plaintiff claims he told the nurse "I fell." *Id.* The nurse responded, "It looks like you fell a couple times." *Id.*
///

5

As pleaded, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm,* 680 F.3d at 1123; *Iqbal,* 556 U.S. at 678; *Hudson v. McMillian,* 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson,* 503 U.S. at 7); *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) ("In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'") (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)); *Conn v. City of Reno,* 591 F.3d 1081, 1095 (9th Cir. 2010) ("A heightened suicide risk or an attempted suicide is a serious medical need."), *cert. granted, judgment vacated,* 563 U.S. 915 (2011), *opinion partially reinstated,* 658 F.3d 897 (9th Cir. 2011); *Williams v. Conkle,* No. CV 17-4884-JAK (PLA), 2018 WL 6016123, at *4 (C.D. Cal. Sept. 20, 2018) ("It has long been clear that an inmate's vulnerability to suicide constitutes a serious medical condition.") (citing cases).

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on his behalf.[3] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28

---

[3] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm,* 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

U.S.C. § 1915.").

**III. Conclusion and Order**

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

///

7

3:19-cv-00789-WQH-AGS

6. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: 6/14/19

Hon. William Q. Hayes
United States District Judge